SOUTHERN METHODIST UNIVERSITY v. HERMAN EVANS.

No. 7033.   Decided April 20, 1938.
(115 S. W., 2d Series, 622.)

*Aldredge, Shults & Madden,* of Dallas, for plaintiff in error.

A suit either for damages or for rescission of an alleged implied oral contract is barred by the two years statute of limitation. Ferguson v. Washburn, 4 S. W. (2d) 574; Robinson v. Varnell, 16 Texas 382; 28 Tex. Jur. 122.

*W. A. Johnson* and *I. J. Curtsinger,* both of San Angelo, and *Baskett & Parks,* of Dallas, for defendant in error.

The contract between plaintiff and defendant being in its nature a continuing mutual obligation, defendant's actions in diverting plaintiff's efforts from one course of study to another

and having overloaded his course of study by increasing the hours required for graduation over those agreed to by the parties, etc., constitutes such a breach of defendant's contract as plaintiff had a right to elect to rescind. 1 Black on Rescission and Cancellation of Contracts, 3; 13 C. J. 621; Evans v. Goggan, 23 S. W. 854.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Herman Evans, formerly a student of Southern Methodist University, sued the University for damages for an alleged breach of what is designated a contract to confer upon him a degree in music, or a degree of some kind. It appeared from the averments of the original petition that the cause of action, if any, was barred by the two year statute of limitation. Upon the trial court so holding an amended petition was filed in which plaintiff sued for rescission of the same alleged contract. His prayer is for recovery of the money paid by him in, as he alleges in substance, fully discharging his obligations in the premises. The trial court again sustained defendant's exception to the petition as amended, which exceptions also pointed out that it appeared from the face of the petition that the two year statute of limitation barred a recovery. Plaintiff refused to again amend and the trial court dismissed the cause. The Court of Civil Appeals, upon appeal, entered judgment reversing and remanding the cause. 87 S. W. (2d) 918.

Plaintiff alleges he matriculated on June 8, 1926, with the object in mind of taking a degree in music and that he attended the University from that time, during its regular sessions and some of its summer sessions, until June 5, 1931. He attached to his amended petition an itemization of his payments of tuition and fees in a total sum in excess of $1800.00. It is his theory as reflected in his complaint that defendant had no intention at any time of graduating him, that it breached the alleged contract, the execution of which was fraudulently induced, by diverting his efforts from one course of study to another, by overloading his course of study and by increasing the hours requirement for graduation. He alleges he did not discover the fraudulent machinations of defendant until about October 10, 1931; that in the fall of that year he took to the University of Texas a statement of his credits furnished him by defendant showing a total of 107 hours, *with the purpose in mind* of entering there as a student, but found he would not be allowed as credits toward a degree the full number shown by the statement,

and that he was therefore prevented from pursuing his course there or elsewhere.

The judgment of the Court of Civil Appeals is predicated upon the view that there was fundamental error on the part of the trial court in not holding that plaintiff's amended petition "presents a suit for rescission to which the four year statute of limitation is applicable." We have carefully considered the amended petition and reached the conclusion that it is not fairly subject to the construction placed upon it. The Court of Civil Appeals apparently recognizes that the petition, viewed as setting forth a cause of action for rescission, presents difficulties. It states in this connection that without expressing any opinion as to the sufficiency of the amended petition to state properly a cause of action for rescission under the peculiar circumstances of this case, it had concluded "that the amended petition evidences to such an extent the purpose of the pleader to present such cause of action on the ground of the alleged fraud" that it would not be warranted in construing the petition as merely setting up an action for damages barred by the two year statute of limitation. It should be stated here that the suggestion of a rescission induced by fraud appears for the first time in the amended petition. The actions of defendant complained of are substantially the same in both petitions. The fraudulent quality ascribed by plaintiff to the acts of defendant in the amended petition appears to rest merely upon his alleged conclusions.

The purported cause of action which plaintiff attempts to assert is unique and does not lend itself to the remedy of rescission. That which he alleges he received, as characterized by him, is such that it could not be returned to defendant, regardless of whether the court should find it his duty to do so. His offer to do equity by making "restitution to said University" coupled with his suggestion that he recover "upon a quantum meruit basis" in event he should be required to do equity, is inconsistent with the theory of rescission, or repudiation. The question suggested need not, however, be determined. Nor is it necessary under our view of the case to determine whether in a suit for rescission of an oral contract induced by fraud the four year statute of limitation rather than the two year statute is applicable. We have concluded that the allegations of plaintiff's petition disclose that the parties did not enter into a contract binding defendant to confer a degree upon plaintiff, rather than that they did enter into such a contract.

The nearest approach plaintiff makes in his amended petition to alleging a contract of any character is his statement that the payment of the tuition and fees by him and the application

of himself closely to the work given him, together with the course of conduct of the teachers and agents of defendant in accepting same, "constituted a continuing contract by and between plaintiff and said University whereby said University became bound to teach plaintiff piano music and other subjects necessary for a degree in music, * * * ."

A typical allegation as to the offer made by plaintiff is that after he was asked by Mr. Van Katwick, the head of the Music Department, to play a selection on the piano, and upon his doing so, he "was told by said Mr. Van Katwick that was very well done; that he would rather have a pupil who was slow and careful than one who was fast and careless; that plaintiff could get a degree in piano from said University, and after graduation make $2,500.00 to $3,000.00 per year in a city the size of Austin, Texas."

There is no allegation stating that defendant became more definite in an offer to confer a degree upon plaintiff than the allegation of an offer to teach him the essential subjects, coupled with an expression of opinion that in the course of time he could secure from defendant a degree in piano, and after doing so, make an estimated salary. The only averment of the petition purporting to allege that there was an offer made by defendant and accepted by him as such, reads:

"That said course of conduct shown by the officials and teachers and agents of said University by accepting from him all the tuition and other fees with the promise held out to plaintiff that he could get his Bachelor of Music Degree by diligent application and defendant accepting said terms and conditions as prerequisite to entering and remaining in said school as a piano student of said school during the years he attended said school constituted a continuing contract by and between plaintiff and said University whereby said University became bound to teach plaintiff piano music and other subjects necessary for a degree in music, and that plaintiff became bound to pay the regular and ordinary fees and expenses of said school, and to apply himself diligently to the study of piano music with the object in view of securing his degree in piano when he had finished the prescribed course."

There is no allegation of an offer made by defendant other than an offer to instruct plaintiff in subjects necessary to a degree in music; nor is there an alleged communicated acceptance upon plaintiffs part of any kind. See in this connection Norwood v. Adams, 84 S. W. (2d) 545, col. 2, (11-12) p. 549;

Tex. Jur., Vol. 10, pp. 26-27, Secs. 12, 13 and 24; 6 R. C. L. 606, sec. 29.

Since it appears from the allegations of the petition that defendant had not made a contract to confer upon plaintiff a degree, his suit must fail. It is obvious that in the absence of a contract there can be no action for rescission. Causeway Inv. Co. v. Nass, 131 Texas 12, 111 S. W. (2d) 703, 1 Texas Sup. Ct. Reporter 462.

A correct judgment was entered by the trial court dismissing the cause, and the Court of Civil Appeals erred in not affirming the judgment.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court April 20, 1938.