Robin D. EMMONS, Appellant,

v.

DURABLE MOBILE HOMES, INC. and
Redman Industries, Inc., Appellees.

No. 18405.

Court of Civil Appeals of Texas,
Dallas.

Dec. 19, 1974.

Rehearing Denied March 27, 1975.

F. P. Granberry, Granberry & Hines, Crockett, for appellant.

John A. Mackintosh, Jr., Thompson, Knight, Simmons & Bullion, Dallas, for appellees.

BATEMAN, Justice.

Appellant Robin D. Emmons purchased a mobile home from Durable Mobile Homes, Inc. ("Durable"), the purchase being financed by the East Texas National Bank of Palestine, Texas ("Bank"). The home had been manufactured by appellee Redman Industries, Inc. ("Redman"). Emmons sued Durable, Redman and the Bank in a district court of Houston County, Texas, claiming the mobile home was not fit for its intended purpose and use, and asking that the sale be rescinded and that he have judgment against the defendants for "all moneys paid as down payment, monthly installments and repair bills," that the defendants be held liable for all indebtedness reflected on the note which he had executed and which was held by the de-

fendant Bank, and "that the mobile home be ordered the property of your Defendants herein subject to all indebtedness. . . ." The case as to Redman was transferred to a district court of Dallas County on plea of privilege and that court, sitting without a jury, rendered judgment that Emmons take nothing. No findings of fact or conclusions of law were filed. We affirm.

The case turns on the question, raised by the fourth point of error, as to whether the purchaser of a mobile home, who bought from a local dealer and had no privity of contract with the manufacturer, may in a suit against the manufacturer rescind the contract, recover amounts paid to the local dealer and the financing bank, and be relieved from further liability thereunder. We agree with the trial court that he may not do so.

Emmons' pleadings and testimony show beyond dispute that his suit is one for rescission and recovery of sums paid by him under the contract of purchase. It also appears without dispute that this contract was between him and Durable and that there was no contract between him and Redman. "It is obvious that in the absence of a contract there can be no action for rescission." Southern Methodist University v. Evans, 131 Tex. 333, 115 S.W.2d 622, 624 (1938).

Emmons argues, however, that the case comes within the doctrine of strict liability in tort. This argument is without merit because no such doctrine was invoked by Emmons' pleadings. He did not sue for damages on account of personal injuries or damage to property, but only to rescind.

Moreover, Emmons introduced in evidence Redman's printed form of warranty which limited its responsibility to replacement without cost of any part or parts covered by the warranty if returned to the factory within a limited period of time and found by Redman to be defective. There were other limitations not necessary to set out in detail. Emmons does not even contend that he complied with the requirements of the express warranty; his entire case is based upon an alleged implied warranty of fitness and merchantability.

A manufacturer who has given an express written warranty will ordinarily not be bound beyond the terms thereof. Lankford v. Rogers Ford Sales, 478 S.W. 2d 248, 250 (Tex.Civ.App.—El Paso 1972, writ ref'd n. r. e.). It follows that where such express warranty provides, as the one before us does, that it is given in lieu of any other express or implied warranty, including any implied warranty of merchantability or fitness, the purchaser cannot rely upon breach of implied warranties. John Deere Co. v. Tenberg, 445 S.W.2d 40, 42 (Tex.Civ.App.—Beaumont 1969, no writ).

The fourth point of error is overruled.

In his first two points of error appellant complains of the trial court's implied findings that the mobile home was fit for the purpose and use for which it was made. In his third point he complains of the court's failure to find that the home was *not* fit. In view of what we have said above, we hold that these points present no reversible error and they are therefore overruled.

Emmons complains in his fifth point that the trial court erred in concluding that the limitations in the printed warranty were reasonable, conscionable and conspicuous. Emmons sued on this warranty and introduced it in evidence. Moreover, he called upon Redman several times for repairs under the warranty and accepted such repairs. He cannot now repudiate it. Orr Chevrolet, Inc. v. Courtney, 488 S.W.2d 883, 886 (Tex.Civ.App.—Texarkana 1972, no writ). Furthermore, we have examined the original exhibit containing the warranty and do not find it to be subject to any of the criticisms leveled at it. The fifth point is also overruled.

Affirmed.