/s/ Joseph W. Little
Joseph W. Little
Professor of Law

aa
cc: Robert N. DuRant

### 21676

Carl M. HARTMAN and Wyetta M. Hartman, Respondents, v. JENSEN'S, INC. and Standard Coach Sales, Inc., Appellants.

(289 S. E. (2d) 648)

*John E. Batten, III*, and *Andy E. Hendrick*, both of *Batten & Hendrick*, and *H. Buck Cutts*, of *Law Office of Dalton B. Floyd, Jr.*, Surfside Beach, *for appellants*.

*Willard D. Hanna, Jr.*, and *Frederick L. Harris*, both of *Joseph, Harris & Hanna*, Myrtle Beach, and *John P. Bacot, Jr.* of *Wilcox, Hardee, Palmer, O'Farrell, McLeod, Buyck & Baker*, Surfside Beach, *for respondents*.

March 22, 1982.

LEWIS, Chief Justice:

This is an action at law, based upon alleged negligence and breach of warranties, to recover damages for defects in a mobile home manufactured by appellant Standard Coach Sales, Inc., and sold by appellant Jensen's, Inc. The issues were, by consent, referred to a special referee to hear the evidence and report his findings of fact and conclusions at law. The report of the special referee, affirmed by the trial judge, held that appellants had breached express and implied warranties in the sale of the mobile home and awarded judgment to respondents for the damages sustained. Appeal is from that judgment.

We determine the issues under the well settled principle that, in a law case, the findings of fact, whether under proper reference to the court or a jury, are binding on this Court, if supported by any competent evidence.

Appellants attack the validity of the order of reference in this case and the amount of damages awarded below. Appellant Jensen's, Inc., also contends that its defense of agency status was improperly decided by the court on demurrer. We find that these contentions are without merit and that a full discussion of these issues would be without precedential value. Accordingly the exceptions raising these questions are

dismissed under the permission of Rule 23 of the Rules of Practice of this Court.

Appellant Jensen's, Inc., also excepts to the findings that it granted any warranties, express or implied, to respondents. We need not pursue the question of whether the record sustains a finding that Jensen's, Inc., granted an express warranty; for, irrespective, the record clearly sustains the finding of an implied warranty, which is sufficient to sustain its liability.

Jensen's, Inc., was a retailer of manufactured homes and, as such retailer, it was a merchant with respect to goods of that kind. Unless excluded or modified under Section 36-2-316, South Carolina Code, 1976, there arose, under these facts, an implied warranty by Jensen's, Inc., that the mobile home sold by it to respondents was fit for the purpose for which it was bought. Section 36-2-315, South Carolina Code, 1976.

Jensen's, Inc., contends however that it effectively disclaimed any implied warranty of merchantability by terms set out in the contract documents. Code Section 36-2-316 requires that any disclaimer of an implied warranty "must mention merchantability and in case of a writing must be conspicuous". This section further provides that language to exclude an implied warranty of merchantability or fitness must be specific, "and if the inclusion of such language creates an ambiguity in the contract as a whole it should be resolved against the seller."

The trial court found the disclaimer in this case confusing in that the heading, which read "TERMS OF WARRANTY" in bold print, suggested a grant of warranty rather than a disclaimer. Other jurisdictions have reached the same conclusion in similar circumstances. *Mack Trucks of Arkansas, Inc., v. Jet Asphalt & Rock Company*, 246 Ark. 101, 437 S. W. (2d) 459, 463; *Gindy Mf. Corp. v. Cardinale Trucking Corp.*, 111 N. J. Super. 383, 268 A. 2d 345, 350. We find these cases persuasive.

The lower court applied the sound principle that those terms or provisions which do not alert the consumer that the

terms are for the purpose of disclaimer will not be allowed to protect the merchant from action for breach of warranty by the consumer. The trial judge found that placing alleged disclaimer under the bold heading of "Terms of Warranty" created an ambiguity and was likely to fail to alert the consumer that an exclusion of the warranty was intended. The record sustains this conclusion.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.