**Faye ELLMER and Datafast Systems, Inc., Appellants,**

**v.**

**DELAWARE MINI–COMPUTER SYSTEMS, INC., et al., Appellees.**

No. 05–82–01242–CV.

Court of Appeals of Texas, Dallas.

Dec. 22, 1983.

Timothy E. Kelley, Dallas, for appellants.

Eric R. Cromartie, Hughes & Hill, Dallas, for appellees.

Before STOREY, SPARLING and GUILLOT, JJ.

STOREY, Justice.

Datafast Systems, Inc., the purchaser of computer hardware, sued Delaware Mini-Computer Systems, Inc., the seller, for breach of an express warranty, for breach of an implied warranty of merchantability, and for violation of the Deceptive Trade Practices Act. Summary judgment was granted in favor of Delaware based upon disclaimer and limitation of remedy provisions in its written contract. Datafast has appealed urging that the disclaimer and limitation of remedy provisions are unenforceable under the Texas Business & Commerce Code and the Deceptive Trade Practices Act. Additionally Datafast contends that a fact issue is raised with respect to its consequential damages. We affirm.

The contract between the parties, styled "Discount Agreement," is a typewritten sales contract to which two printed pages are attached. The typewritten contract provides that "All components are warranted for parts and labor for a period of sixty days." Immediately above the buyer's signature is typed, "All orders are subject to M.C.S. terms and conditions. Copy attached and made part of this agreement." One of the attached printed pages, styled "STANDARD TERMS AND CONDITIONS," contains, among others, two sections—one headed "SERVICE—WARRANTY" and one headed "LIMITATION OF LIABILITY—SOLE REMEDY." These sections, in bold type, provide for a sixty-day warranty limited to repair or replacement and expressly exclude all other warranties including those of merchantability and fitness for any particular purpose. They also provide that enforcement of the sixty-day warranty is the sole and exclusive remedy of the buyer and that the seller shall not be liable for any special, consequential, incidental, or other damages, including loss of profits.

Datafast contends that these contract provisions—the limitation of warranty, the disclaimer, and the limitation of remedy—are ineffective because they are not "conspicuous" as required by TEX. BUS. & COM.CODE ANN. § 2.316(b) (Vernon 1968). Section 1.201(10) defines "conspicuous" as:

> A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: Non-Negotiable Bill of Lading) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. But in a telegram any stated term is "conspicuous." Whether a term or clause is "conspicuous" or not is for decision by the court.

TEX.BUS. & COM.CODE ANN. § 1.201(10) (Vernon 1968). Datafast argues that, because the disclaimer and limitation are on a separate page and the reference above the buyer's signature on the typewritten page is not in bold type, a fact question is raised. We cannot agree that these circumstances create a fact question because section 1.201(10) expressly makes the question of "conspicuousness" one "for decision by the court." It is therefore proper for the trial judge to decide the question on motion for summary judgment.

Additionally, because the contract is before us on appeal, this court may apply the standard set forth in section 1.201(10) and determine the question for itself. *See Christopher v. Larson Ford Sales,* 557 P.2d 1009 (Utah 1976). The standard is whether "a reasonable person against whom it is to operate ought to have noticed it." The rationale supporting the standard is that the law will look with disfavor upon semi-concealed or obscured self-protective provisions prepared by one party which the other is not likely to notice. With this standard and rationale at hand, it is appropriate also to consider other relevant circumstances. Here, the buyer was a business customer dealing at arms length and negotiating over a period of several months. Faye Ellmer, who acted on behalf of Datafast, testified by deposition that a copy of the "STANDARD TERMS AND CONDITIONS" was furnished to her, apart from the contract, several months before the contract was finally signed. These circumstances together with the reference paragraph immediately above Ellmer's signature on the contract, and the disclaimer in bold type on the attached page, lead us to the same conclusion reached by the trial court—that the disclaimer was called to Ellmer's attention. *Christopher v. Larson Ford Sales,* 557 P.2d at 1012. *See also W.R. Weaver Co. v. Burroughs Corp.,* 580 S.W.2d 76 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.).

Datafast further contends on appeal that the limitation of remedy provision of the contract is ineffective because (1) it fails of its essential purpose because the defects were not discoverable within sixty days, (2) it does not provide for a "minimum adequate remedy," (3) it is "unconscionable" within TEX.BUS. & COM.CODE ANN. § 2.302 (Vernon 1968), and (4) it fixes a "manifestly unreasonable" time limit

within TEX.BUS. & COM.CODE ANN. § 1.204(a) (Vernon 1968). In connection with these issues we first observe that there is no allegation or contention on appeal that Delaware breached its limited warranty, and it is clear that the first notice given to Delaware of any defect was about six months after delivery. We next observe that Datafast filed no response to the motion for summary judgment. We therefore decline to consider these defensive issues because they were not presented to the trial court by pleading or by proper summary judgment response, and are sought to be raised for the first time on appeal.[1] TEX.R.CIV.P. 166-A; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 676 (Tex.1979); *Toler v. Harbour,* 589 S.W.2d 529 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

Datafast next contends that the disclaimer and limitation of remedies are unenforceable under section 17.42 of the Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. § 17.42 (Vernon Supp. 1982–1983), which provides that any waiver by a consumer of the provisions of the act is unenforceable and void. Datafast argues that any provision of TEX.BUS. & COM.CODE ANN. § 2.719 (Vernon 1968) authorizing such disclaimer has been repealed by the Deceptive Trade Practices Act. We cannot agree.

The facts alleged by Datafast as the basis for its deceptive trade practice claim are the same as those alleged as breaches of warranty, namely, that the computer "was a first-rate computer and would perform all the functions necessary to be performed by a commercial computer." We view this as a warranty of merchantability and of fitness for a particular purpose—the identical warranty which is expressly disclaimed in the contract. The question then is whether the disclaimer is rendered unen-

---

1. By post-submission brief, Datafast requests leave to file, by supplemental transcript, its trial brief which it represents was filed with permission of the trial court and raises the defensive issues. The trial brief was filed after hearing of the motion for summary judgment. We find no order authorizing its filing or any evidence that it was considered by the court. If we assume it was authorized and considered, however, the trial brief does not present facts in the form of summary judgment evidence which could serve to create a fact question with respect to the issues and thus serve to defeat the motion for summary judgment.

forceable by section 17.42 of the Deceptive Trade Practices Act. We conclude that the question has been resolved adversely to Datafast by *G–W–L, Inc. v. Robichaux,* 643 S.W.2d 392 (Tex.1982), where the Supreme Court gave effect to the disclaimer in a deceptive trade practice case. We hold, therefore, that the trial court properly granted summary judgment with respect to the deceptive trade practice claim.

In view of our above holdings we need not consider the final point of error raised by Datafast relating to its loss of profits. Accordingly, we affirm the trial court's judgment.

Affirmed.