## MALLORY v CONIDA WAREHOUSES, INC

Docket No. 69563. Submitted December 13, 1983, at Lansing.—Decided April 17, 1984. Leave to appeal applied for.

Conida Warehouses, Inc., sold light-red kidney bean seeds to Larry Mallory and Nestle Farms. Once planted, the beans developed a disease known as "halo blight". Both Mallory and Nestle Farms suffered crop loss as a result of the blight. Mallory and Nestle Farms brought separate actions against Conida in Gratiot Circuit Court. Conida filed a third-party complaint against C & B Cattle Company, the company which supplied the seed to Conida. The cases were consolidated and tried together before a jury. After opening arguments, the trial court dismissed Conida's third-party claim against C & B, Randy L. Tahvonen, J. The trial proceeded and the jury found that the bean seed was defective, that the defect existed at the time the seed left Conida's control, and that the defect was the proximate cause of plaintiffs' damages. The jury awarded $10,950 in damages to Mallory and $34,500 in damages to Nestle Farms. Judgment was entered, Randy L. Tahvonen, J. Defendant appeals. *Held:*

1. The trial court properly found that Conida's warranty disclaimer was ineffective, thereby removing Conida's defense to the implied warranty claim.

2. The trial court did not err in finding that the warranty tag was inconspicuously placed on the seed bag.

3. The trial court did not err in finding that the implied warranty of merchantability was not waived by trade usage.

4. Because the trial court correctly found that the implied warranty of merchantability had not been excluded, the court

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 41 Am Jur 2d, Indemnity §§ 40, 42.

57 Am Jur 2d, Negligence § 7.

61A Am Jur 2d, Pleading § 175.

75 Am Jur 2d, Trial § 458 *et seq.*

Dismissal, nonsuit, judgment, or direction of verdict on opening statement of counsel in civil action. 5 ALR3d 1405.

[2, 4] 61A Am Jur 2d, Pleading §§ 164, 174 *et seq.,* 307 *et seq.*

did not err by submitting the question of breach of that implied warranty to the jury.

5. The jury was properly instructed that, since the sale of the seeds was clearly subject to the provisions of the Uniform Commercial Code, it is implied in the contract of sale that the goods were merchantable.

6. The trial court's finding that limiting the remedy to the purchase price of the seed was unconscionable was not clearly erroneous.

7. The jury was properly instructed on the measure of damages.

8. The trial court did not err in dismissing C & B Cattle Company as a third-party defendant at the end of Conida's opening statement.

9. The trial court did not abuse its discretion by refusing to allow Conida, at trial, to amend its pleadings to include comparative negligence and mitigation as affirmative defenses.

Affirmed.

SHEPHERD, J., concurred in part and dissented in part. He dissented on the issue of the dismissal of C & B as a third-party defendant at the end of Conida's opening statement and on the issue of whether the trial court abused its discretion in refusing to allow Conida to amend its pleadings to include comparative negligence and mitigation as affirmative defenses. He concurred with the remainder of the majority opinion.

OPINION OF THE COURT

1. ACTIONS — DISMISSAL.

It was not error for a trial court to dismiss an action at the end of the plaintiff's opening statement where the complaint was for indemnity and contribution based on alleged negligence and the plaintiff failed to state the ultimate facts proposed to be proved and essential to its cause of action, failed to state that the defendant was negligent, and declined the opportunity to supplement its opening statement.

2. TRIAL — PLEADING — AMENDMENT OF PLEADINGS.

A trial court did not abuse its discretion by refusing to allow a defendant, at trial, to amend its pleadings to include comparative negligence and mitigation of damages as affirmative defenses where more than four years passed between institution of the suit and the trial, four pretrial conferences were held, and defendant never sought to amend prior to trial (GCR 1963, 111.7, 118.3, 301.1[1]).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY SHEPHERD, J.

3. ACTIONS — DISMISSAL.

It was error for a trial court, at the end of a plaintiff's opening statement, to dismiss the action in which the plaintiff sought indemnity and contribution from the defendant based on the defendant's alleged negligence where the plaintiff stated in the opening statement that seeds which were the subject of the lawsuit may have become diseased while under the defendant's control.

4. TRIAL — PLEADING — AMENDMENT OF PLEADINGS.

It was error for a trial court to refuse to allow a defendant, at trial, to amend its pleadings to include comparative negligence and mitigation of damages as affirmative defenses where the plaintiff admitted that there was no surprise and the issues of comparative negligence and mitigation of damages were clearly placed on the record in the course of depositions.

*Fortino, Plaxton & Moskal* (by *Charles M. Fortino*), for plaintiffs.

*Smith & Brooker, P.C.* (by *Richard G. Smith* and *Mona C. Doyle*), for defendant, third-party plaintiff and appellant Conida Warehouses, Inc.

*Seavitt, Westcott & Stowe* (by *Michael J. Yockey*), for third-party defendant and appellee, C & B Cattle Company.

Before: J. H. GILLIS, P.J., and SHEPHERD and J. J. KELLEY,* JJ.

PER CURIAM. Conida Warehouses, Inc., appeals as of right from a jury verdict entered in favor of both plaintiffs following a four-day jury trial. Conida sold light-red kidney bean seed to both plaintiffs. Once planted, the beans developed a disease commonly known as halo blight. After opening arguments, the trial court dismissed Conida's

* Circuit judge, sitting on the Court of Appeals by assignment.

third-party complaint against C & B Cattle Co. The jury found that the bean seed was defective, that the defect existed at the time the seed left Conida's control and that this defect was the proximate cause of plaintiffs' damages. The jury awarded $10,950 in damages to plaintiff Mallory and $34,500 in damages to plaintiff Nestle Farms.

The trial court properly found that Conida's warranty disclaimer was ineffective, thereby removing Conida's defense to the implied warranty claim.

In ruling on the warranty disclaimer issue, the trial court found:

A. There is no disclaimer of warranty created by trade usage because there is no mutual understanding between seed growers and farmers on the existence of such a warranty;

B. The warranty tag attached to the seed bag mentions merchantability;

C. The word "warranty" appears in capitalized letters at the top and the balance of the language is in standard type size;

D. There was no contrasting color or particular emphasis on any portion of the asserted disclaimer;

E. The tag was attached with two other tags to the bottom of the bag and was not in a "particularly conspicuous location", given that it was under two other tags;

F. The warranty tag was the least conspicuous bit of writing on the bag;

G. The heading "Warranty" would suggest that warranties were included rather than excluded; and

H. The plaintiffs were experienced buyers, but this experience did not include any particular

familiarity with legal terms of the law of warranty.

The trial court did not err in finding that the tag was inconspicuously placed. MCL 440.2316, 440.2316(2); MSA 19.2316, 19.2316(2); White & Summers, Uniform Commercial Code (2d ed), § 12-5, pp 437-444; Anno: *Construction and effect of UCC § 2-316(2) providing that implied warranty disclaimer must be "conspicuous",* 73 ALR3d 248.

The trial court also did not err by finding that the warranty was not waived by trade usage. MCL 440.2316(3)(c), 440.1205(2); MSA 19.2316(3)(c), 19.1205(2); White & Summers, *supra,* § 12-6, pp 454-457; *Hartwig Farms, Inc, v Pacific Gamble Robinson Co,* 28 Wash App 539; 625 P2d 171 (1981).

Because the trial court correctly found that the implied warranty of merchantability had not been excluded, the court did not err by submitting the question of breach of that implied warranty to the jury. Since the sale of the seeds in question was clearly subject to the provisions of the Uniform Commercial Code, MCL 440.2102, 440.2105(1); MSA 19.2102, 19.2105(1), that the goods be merchantable is implied in the contract of sale. MCL 440.2314; MSA 19.2314. Our review of the record reveals that the jury was properly instructed on this issue.

The trial court's finding that limiting the remedy to the purchase price of the seed was unconscionable under MCL 440.2302; MSA 19.2302 was not clearly erroneous. *Majors v Kalo Laboratories, Inc,* 407 F Supp 20, 23 (MD Ala, 1975).

The jury was properly instructed on the measure of damages. MCL 440.2714, 440.2715; MSA 19.2714, 19.2715.

The trial court did not err in dismissing C & B

Cattle Comnpany as a third-party defendant at the end of Conida's opening statement. Conida's complaint against C & B was for indemnity and contribution based on C & B's alleged negligence. Here, Conida failed to state the ultimate facts proposed to be proved and essential to its cause of action. Although Conida stated that the beans were under the control of C & B, it never stated that C & B was negligent. Further, Conida declined the opportunity to supplement its opening statement. GCR 1963, 507.1; *Haynes v Monroe Plumbing & Heating Co,* 48 Mich App 707, 712-713; 211 NW2d 88 (1973).

Last, the trial court did not abuse it discretion by refusing to allow Conida, at trial, to amend its pleadings to include comparative negligence and mitigation as affirmative defenses. At no time during the more than four years between institution of the suit and the trial, during which four pretrial conferences were held, did defendant seek to amend. GCR 1963, 111.7, 118.3, 301.1(1); *Messer v Floyd Rice Ford, Inc,* 91 Mich App 644; 284 NW2d 139 (1979), *rev'd on other grounds* 407 Mich 962 (1980).

Affirmed.

SHEPHERD, J. *(concurring in part and dissenting in part).* I dissent on the issue of dismissal of C & B Cattle Company as a third-party defendant at the end of Conida's opening statement. Counsel said in his opening statement that the seeds may have become diseased while under C & B's control. I believe that this is enough to allow Conida to proceed with trial. I also dissent on the issue of whether the trial court abused its discretion in refusing to allow Conida at trial to amend its pleadings to include comparative negligence and mitigation as affirmative defenses. Plaintiff admit-

ted that there was no surprise and the issues of comparative negligence and mitigation of damages were clearly placed on the record in the course of depositions.

I concur with the balance of the Court's opinion.