**Edward CATE, Jr. d/b/a Cate's Transmission Service, Appellant,**

v.

**DOVER CORPORATION, Appellee.**

**No. 9707.**

Court of Appeals of Texas, Texarkana.

Aug. 15, 1989.

Rehearing Denied Sept. 9, 1989.

Michael Peek, Texarkana, for appellant.

Louise Tausch, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellee.

BLEIL, Justice.

Edward Cate appeals an unfavorable summary judgment in his suit against the Dover Corporation alleging breach of the implied warranty of merchantability in a sale of vehicle lifts. The issue before us is whether the trial court erred in granting Dover's motion for summary judgment because a disclaimer contained in Dover's warranty was not conspicuous as required by Tex.Bus. & Com.Code Ann. § 2.316 (Vernon 1968 & Supp.1989). We determine that the disclaimer is conspicuous.

In September 1984, Cate bought three Rotary brand vehicle lifts from Beech Tire Mart. Dover Corporation manufactured the lifts, which were designed to elevate vehicles for repair work underneath the vehicle. In his deposition, Cate stated that he received a five-year written warranty from Dover when he purchased the lifts. On at least three occasions, vehicles fell from the lifts. Although Beech and Dover made numerous inspections, Cate said that the lifts never functioned properly. The warranty expressly provided that Dover would replace all parts returned to the factory which proved to be defective. Cate did not return the lifts, but rather sued Dover for breach of the implied warranty of merchantability about two and one-half years after he bought the lifts.

A defendant who moves for summary judgment has the burden of demonstrating that, as a matter of law, no material issue of fact exists with respect to the plaintiff's cause of action. *Griffin v. Rowden*, 654 S.W.2d 435, 435–36 (Tex.1983); Tex.R. Civ.P. 166a. In a summary judgment proceeding, the burden of proof is on the movant, and all doubts as to the existence of a genuine issue of fact are resolved against him. *Roskey v. Texas Health Facilities Commission*, 639 S.W.2d 302, 303 (Tex. 1982). The issue is whether a material issue of fact exists regarding the conspicuous nature of the disclaimer contained in the warranty. If the disclaimer is conspicuous, then Cate is limited to a cause of action based upon the express warranty that was created, and precluded from suing on the implied warranty of merchantability, since the express warranty disclaimed the implied warranty. An express warranty that specifically disclaims an implied warranty controls. *See Emmons v. Durable Mobile Homes, Inc.*, 521 S.W.2d 153 (Tex. Civ.App.–Dallas 1974, writ ref'd n.r.e.); Tex.Bus. & Com.Code Ann. § 2.314 (Vernon 1968).

██ A warranty of merchantability is implied in a contract for the sale of goods by a merchant unless the warranty is excluded or modified in accordance with statutory requirements. *Clark v. DeLaval Separator Corp.*, 639 F.2d 1320, 1322 (5th Cir.1981); Tex.Bus. & Com.Code Ann. § 2.314(a). An implied warranty of merchantability arising under Section 2.314

may be disclaimed by the seller under Section 2.316 of the Texas Business & Commerce Code so long as the disclaimer is conspicuous. Section 2.316 provides the following:

> (b) Subject to Subsection (c), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."
>
> (c) Notwithstanding Subsection (b)
>
> (1) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and
>
> (2) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and
>
> (3) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade.

Comment 1 to Section 2.316 states that this section is designed principally to deal with clauses in sales contracts which seek to exclude all warranties, express or implied. Section 2.316 protects a buyer from unexpected and unbargained-for language of disclaimer by permitting the exclusion of implied warranties only by conspicuous language or other circumstances which protect the buyer from surprise. "Conspicuous" is defined as follows: A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON–NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is conspicuous if it is larger or of other contrasting type or color. But in a telegram, any stated term is conspicuous. Whether a term or clause is conspicuous or not is for decision by the court. Tex.Bus. & Com. Code Ann. § 1.201(10) (Vernon 1968).

■ The trial court found that the disclaimer contained in Dover's warranty complied with Section 2.316 and accordingly granted Dover's motion for summary judgment. The warranty page itself is headed by the sentence, written in solid blue one-half inch block type, "YOU CAN TAKE ROTARY'S NEW 5–YEAR WARRANTY AND TEAR IT APART." Then the warranty itself is set out below that, framed by double blue lines entitled "WARRANTY" in solid blue letters three-eighths inch high. The text of the warranty is in black type. The disclaimer portion, contained in a separate paragraph within the warranty, provides the following: "This warranty is exclusive and is in lieu of all other warranties expressed or implied including any implied warranty of merchantability or any implied warranty of fitness for a particular purpose, which implied warranties are hereby expressly excluded."

Thus marked and written, a reasonable person against whom it is to operate ought to have noticed it. The warranty issued to Cate effectively disclaims the implied warranty of merchantability since it is conspicuous as required by Section 1.201(10).

In *Singleton v. LaCoure,* 712 S.W.2d 757 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), the court held that certain warranty exclusions were conspicuous, noting that the disclaimer was the only matter set out in a paragraph. Here, the disclaimer·of the implied warranty of merchantability is the only matter set out in a paragraph. In *U.S. Steel Corp. v. Fiberex, Inc.,* 751 S.W.2d 628 (Tex.App.—Dallas 1988), *modified and aff'd in part, rev'd in part, Plas–Tex, Inc. v. U.S. Steel Corporation,* 772 S.W.2d 442 (Tex.1989), the court of appeals held a disclaimer to be ineffec-

tive to disclaim the implied warranty of merchantability. The court in *Fiberex* stated the following:

> The disclaimer on these invoices was in small print. In fact, the only print smaller than the disclaimer on the invoice was additional text concerning interest and attorneys fees. ... This disclaimer was not printed in large or contrasting type. The only distinguishing factor of the disclaimer was capital letters beginning the disclaimer which stated: Important Notice To Purchaser.

Here, however, the print used in the disclaimer is the same size as the print used in the rest of the text. It is larger than the standard typewriter print.

Pursuant to Section 1.201(10), it is proper for the trial judge to decide the question on motion for summary judgment. *Ellmer v. Delaware Mini–Computer*, 665 S.W.2d 158, 159 (Tex.App.—Dallas 1983, no writ). On appeal, we apply the standard set forth in Section 1.201(10) and determine the question whether a reasonable person against whom the disclaimer is to operate ought to have noticed it. No genuine issue of material fact existed regarding the conspicuous nature of the disclaimer because the form and text of the warranty is conspicuous as that term is defined in Section 1.201(10).

We affirm the trial court's judgment.

GRANT, Justice, dissenting.

While there is no case directly in point in Texas, many courts in other states have been called upon to determine if disclaimers were conspicuous under statutes similar to or the same as Tex.Bus. & Com.Code Ann. § 2.316 (Vernon 1968 & Supp.1989).

The following is the disclaimer which Dover Corporation made a part of its contract with Edward Cate, Jr. and which was admitted into evidence as Exhibit A.

684

# YOU CAN TAKE ROTARY'S NEW 5-YEAR WARRANTY AND TEAR IT APART.

BLUE PRINT

*And, when you're through, it'll be just as solid as the No. 1 lift company in America. Rotary. Not so with some of the other companies. They may offer you a multi-year warranty, too. But you're likely to discover it's limited to parts only.*

*And, hidden in all the mumbo-jumbo, you may find out—too late—that their beautifully worded "warranty" doesn't even cover major components... like power units. So what you really have is a great warranty that covers almost nothing.*

*We at Rotary are proud of the surface lift products we manufacture. And we don't have to "play it safe" when it comes to guaranteeing them. Here's what our new 5-year warranty says:*

## WARRANTY

All Rotary Surface Mounted Lifts are guaranteed to the original owner for five years from invoice date. Rotary Lift Division here after is known as "The Company". The Company shall replace for the full five years those parts returned to the factory which prove upon inspection by the Company to be defective. The Company shall pay for reasonable costs of transportation and labor for replacement of said parts for the first 12 months only. Purchaser will bear costs of transportation and labor for parts returned after the first year and the remainder of this warranty. This warranty shall not apply unless the product is installed, used and maintained in accordance with the Company's specifications as set forth in the Company's installation, operation and maintenance instructions.

This warranty does not cover normal maintenance or adjustments, damage or malfunction caused by improper handling, installation, abuse, misuse, negligence or carelessness of operation.

This warranty is exclusive and is in lieu of all other warranties expressed or implied including any implied warranty of merchantability or any implied warranty of fitness for a particular purpose, which implied warranties are hereby expressly excluded.

The remedies described are exclusive and in no event shall the Company be liable for special, consequential or incidental damages for the breach of or delay in performance of the warranty.

This warranty shall be governed by the State of Indiana, and shall be subject to the exclusive jurisdiction of the Court of the State of Indiana in the County of Jefferson.

American made

Rotary ®

BLUE

EXHIBIT

A

The court in *Massey–Ferguson, Inc. v. Utley*, 439 S.W.2d 57 (Ken.Ct.App.1969), cited in U.C.C. § 12–5 (1980), used language that well describes the disclaimer in the present case:

> It is true the *heading* was in large, bold-face type, but there was nothing to suggest that an exclusion was being made; on the contrary, the words of the heading indicated a *making* of warranties rather than a *disclaimer*.

Dover has cleverly buried the disclaimer provision within language that strongly suggests a warranty that greatly benefits the consumer. The bold print language suggests that warranties were included rather than excluded. *See Mallory v. Conida Warehouses*, 350 N.W.2d 825, 134 Mich.App. 28 (1984).

In the case of *Blankenship v. Northtown Ford*, 420 N.E.2d 167, 50 Ill.Dec. 850, 95 Ill.App.3d 303 (1981), the court said that the heading "Factory Warranty" was misleading and that a disclaimer which follows a misleading heading cannot be deemed to comply with the Uniform Commercial Code. In the case of *Richards v. Goerg Boat & Motors*, 384 N.E.2d 1084, 179 Ind.App. 102 (1979), the Indiana court found that disclaimer language included in the context of a warranty was not effective.* In the case of *Seibel v. Layne & Bowler*, 641 P.2d 668, 56 Or.App. 387, *rev. denied* 648 P.2d 852, 293 Or. 190 (1982), the Oregon court found that a disclaimer was not conspicuous when only the paragraph heading "Warranty" stood out and suggested the making of the warranties, not their exclusion. In the case of *Hartman v. Jensen's, Inc.*, 289 S.E.2d 648, 277 S.C. 501 (1982), the South Carolina court held that the placing of a disclaimer of implied warranty of merchantability under the bold heading "Terms of Warranty" created an ambiguity that was likely to fail to alert the consumer that an exclusion of warranty was intended.

The exclusion in the present case is not conspicuous as required by Tex.Bus. &

---

\* The language in the warranty states that, "This warranty shall be governed by the State of

Com.Code Ann. § 2.316, and this case should be reversed and remanded for trial.