Luther A. HUNTER, Appellant,

v.

TEXAS INSTRUMENTS, INC., Appellee.

Nos. 85–1810, 85–1848.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1986.

Decided Aug. 11, 1986.

Daniel R. Carter, Little Rock, Ark., for appellant.

Charles T. Coleman, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, SWYGERT,* Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

The United States instituted this suit against Luther A. Hunter after he defaulted on a Small Business Administration loan used to finance the purchase of computer equipment. Hunter brought third-party claims against Texas Instruments, the hardware manufacturer; Arkansas Computer Company, the seller-dealer; and two software manufacturers, claiming that the computer hardware and software failed to operate as represented. Hunter entered a consent decree with the United States and disposed[1] of his claims against all parties except TI before trial. Invoking diversity jurisdiction, Hunter proceeded against TI based on breach of express warranties as well as the implied warranties of fitness for a particular purpose and merchantability. Hunter now appeals from a general jury verdict for TI. He argues that the district court[2] erred in instructing the jury regarding disclaimer of warranties, that TI's attempted warranty disclaimer failed because it was unconscionable and incon-

spicuous, and that TI's attempted limitation of remedies was unconscionable. He also argues that the district court erred in admitting into evidence the warranty and disclaimer terms of the dealer contract between TI and Arkansas Computer Company, and in directing a verdict against Hunter on the question of lost profits. We affirm the district court's judgment.

In September 1980, Hunter, an accountant, purchased TI computer hardware from Arkansas Computer Company for use in his accounting practice. He signed a purchase order presented by Arkansas Computer Company which set forth the terms governing the transaction. The delivered equipment repeatedly malfunctioned, and TI service personnel visited his offices approximately thirteen times in order to effect repairs. Hunter ultimately returned the computer to Arkansas Computer Company.

Hunter's theory at trial was that the computer was defective, in breach of TI's express warranties and implied warranties arising under the Uniform Commercial Code, as adopted in Arkansas. Specifically, he maintained that the computer was inadequate for its intended use, and that its malfunctioning caused him to lose profits and clients. He sought to recover consequential and incidental damages available to him under the Arkansas Code.

TI's primary defense was that, because it had effectively disclaimed the warranties of fitness and merchantability, its liability on its express warranties was limited to repair or replacement of the defective parts. It also sought and received a directed verdict on the issue of lost profits, on the basis that the lost profits alleged were too speculative. The jury found in TI's favor on the remaining claims.

The other software manufacturer declared bankruptcy.

---

* The HONORABLE LUTHER M. SWYGERT, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. Hunter settled with Arkansas Computer Company and one of the software manufacturers.

2. The Honorable George Howard, United States District Judge for the Eastern District of Arkansas.

## I.

■ Hunter does not challenge the substantive accuracy of the jury instruction on effective disclaimer,[3] but argues that the court should not have allowed the jury to consider TI's disclaimer defense. He argues that TI's disclaimer, located in the contract between himself and the dealer, was ineffective *ab initio,* because TI was not a party to the contract. Hunter maintains that under the Arkansas Code a disclaimer of warranty must be bargained for between parties to the contract.

On the front of the dealer's printed purchase order, above the line for the buyer's signature, a sentence in large print states that the agreement is subject to the terms on the reverse of the form.[4] On the reverse of the purchase order there are twenty-one numbered paragraphs containing the terms and conditions of sale. Paragraph 10, in three subsections, contains the manufacturer's express warranty that the equipment is free from defects in workmanship and material, the seller's disclaimer of warranties on the software, and a disclaimer of all other warranties express or implied.[5] TI limits the remedy for breach of the express warranty to repair or replacement of the defective part.

' In this diversity case we are bound to follow Arkansas law. *See Northern States Power Co. v. ITT Meyer Industries,* 777 F.2d 405, 413 (8th Cir.1985); *Shidler v. All American Life & Financial Corp.,* 775 F.2d 917, 920 (8th Cir.1985). If, however, no Arkansas court has squarely addressed the issue, we must apply the rule which we believe the Arkansas courts would adopt. *Tucker v. Paxson Machine Company,* 645 F.2d 620, 624 (8th Cir.1981). The Arkansas Code permits sellers to exclude or modify the implied warranty of merchantability provided that the disclaimer specifically refers to merchantability and is conspicuous. Ark.Stat.Ann. § 85–2–316(2) (1961 & Supp. 1985). The warranty of fitness for a particular purpose may be disclaimed by a conspicuous writing. *Id.* Arkansas courts give full effect to disclaimers meeting the Code's requirements. *Walker Ford Sales*

---

**3.** The Instruction read:

TI has raised the defense that [sic] Hunter's contract of purchase, the warranties made by Texas Instruments were limited to the warranty that the hardware would be free from defects in workmanship and in material for 90 days and that all other warranties such as implied warranty of merchantability, implied warranty of fitness for a particular purpose, were excluded. The law allows warranties, except express warranties, to be excluded or disclaimed if done in conspicuous language, was part of the basis of the bargain and was known or reasonably should have been known by the parties.
Tr. at 53.

**4.** The sentence reads: "THIS ORDER IS SUBJECT TO THE TERMS & CONDITIONS HEREON AND UPON REVERSE SIDE HEREOF AND BUYER AGREES TO BE BOUND THEREBY. NO MODIFICATIONS OR ADDITIONS SHALL BE BINDING ON SELLER UNLESS EXPRESSLY AGREED TO IN WRITING." Designated Record at 17.

**5.** The purchase order provided as follows:

10(a) The equipment for the system being ordered herein is warranted by the manufacturer to be free from defects in workmanship and in material for a period of ninety (90) days under normal use from the date of actu-

al delivery to buyer. The manufacturer's liability hereunder is limited to remedying any defect or to replacing any of the equipment, or the components thereof, that are found defective.

(b) Buyer agrees it has been advised that the nature of the programming art is such that the seller cannot and does not assume liability for errors or omissions in programming furnished hereunder beyond the correction of any error or omission. The seller makes no warranty with respect to the programming ordered herein, except that such programming shall conform to the specification for the programming ordered herein that buyer must approve.

(c) THESE WARRANTIES ARE IN LIEU OF ALL OTHER WARRANTIES EXPRESSED, IMPLIED OR STATUTORY OR ARISING BY CUSTOM OR TRADE USAGE, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR ANY UNIQUE OR SPECIAL OR EXPRESSED PURPOSE, AND OF ALL OTHER OBLIGATIONS OR LIABILITIES INCLUDING WITHOUT LIMITATION, LIABILITY FOR DAMAGES (WHETHER GENERAL OR SPECIAL, DIRECT OR INDIRECT, CONSEQUENTIAL, INCIDENTAL, EXEMPLARY), OR FOR ANY CLAIM FOR THE LOSS OF PROFITS OR BUSINESS OR DAMAGE TO GOOD WILL.
Designated Record at 18.

*v. Gaither,* 265 Ark. 275, 277–78, 578 S.W.2d 23, 24 (1979).

No Arkansas case squarely addresses whether a manufacturer may disclaim implied warranties and limit the remedy for breach of warranty in a dealer's form contract to which it is not a party. However, in *Caterpillar Tractor Company v. Waterson,* 13 Ark.App. 77, 679 S.W.2d 814 (1984), the Arkansas Court of Appeals implicitly recognized that a manufacturer not in privity may limit its liability for breach of warranty in a contract between a dealer and a buyer. In *Caterpillar,* in response to a dealer's suit to recover the balance due on a promissory note covering the purchase price of a bulldozer, the buyer instituted a third-party action against the bulldozer manufacturer alleging breach of warranty. The manufacturer's disclaimers and limited remedy clauses were contained in the dealer's purchase order signed by the buyer. *Id.* at 816. The manufacturer raised his limitation of remedies as a defense, and the court addressed its validity under the Arkansas Code. While the court held that the limitation was void in that instance,[6] it necessarily endorsed the rule that the manufacturer, as a remote seller, may effectively limit its liability for breach of warranty in a dealer's contract to which it is not a party. We perceive no basis on which to adopt a different rule regarding warranty disclaimers. *Cf. Walker Ford Sales v. Gaither,* 265 Ark. at 275, 578 S.W.2d at 23 (1979) (en banc) (court recognizes dealer-manufacturer "joint" warranties including disclaimers); *Gramling v. Baltz,* 253 Ark. 352, 485 S.W.2d 183 (1972) (manufacturer and dealer's warranty limitation and disclaimers given by dealer).

At least one court has expressly adopted this approach. In *Clark v. DeLaval Separator Corp.,* 639 F.2d 1320 (5th Cir.1981), the fifth circuit held that under section 2–316(2) of the Uniform Commercial Code as adopted in Texas, which is identical to that section of the Arkansas Code, a manu-

facturer properly may disclaim warranties or limit the remedies available for breach of warranty by placing the language in the dealer's contract. *Id.* at 1324. The court recognized that manufacturers faced potentially unlimited liability if a privity requirement was invoked to bar them from limiting or disclaiming their liability for breach of warranty to the purchaser. *Id.* at 1323. Thus, an otherwise proper disclaimer clearly made in the dealer's contract is effective against the buyer. *Cf. Clevenger & Wright Co. v. A.O. Smith Harvestore Products, Inc.,* 625 S.W.2d 906 (Mo.App. 1981) (manufacturer's disclaimer of express warranties placed in the contract between purchaser and seller held effective against a remote purchaser).

■ The rule which Hunter attempts to present conflicts with the spirit of the Arkansas cases and decisions of other courts applying the Uniform Commercial Code. A clear manufacturer's disclaimer or limitation of remedy made in a dealer's contract may become part of the basis of the bargain and is not ineffective solely because the manufacturer is not a party to the contract. We thus conclude that the Arkansas courts would adopt the legal principle expressed in the district court's instruction. We therefore reject appellant's challenge.

## II.

■ Hunter next argues that TI's attempted disclaimer of warranties fails because the writing was not conspicuous as required by Arkansas Code section 85–2–316(2). A clause is conspicuous "when so written that a reasonable person against whom it is to operate ought to have noticed it * * * * Language in the body of a form is 'conspicuous' if it is in larger or contrasting type or color." Ark.Stat.Ann. § 85–1–201(10) (1961 & Supp.1985). Whether a writing is conspicuous is a matter for the court to decide. *Id.*

---

**6.** The court held that the manufacturer's attempt to limit the remedies for breach of warranty was ineffective in this case because the

limited remedy had failed of its essential purpose. *Caterpillar,* 679 S.W.2d at 819.

TI's disclaimer appeared on the back of the dealer's purchase order, but in print larger than the surrounding writing. Further, writing in large print on the front of the form, directly above the line for the buyer's signature, directed the buyer to the controlling terms on the back. We believe that the writing was such that should have attracted the attention of a reasonable buyer and, therefore, satisfies the Arkansas standard for conspicuousness.

Hunter further argues that he was unaware that the disclaimer was being made by TI. The Code requires reasonable notice, not actual notice. Thus, Hunter's assertion that he was not aware of the disclaimer is not dispositive. *See IMC Finance Corp. v. Murphree*, 632 F.2d 413, 419 (5th Cir.1980). In any case, the record does not bear out Hunter's assertion. In his deposition, and again at trial, Hunter indicated that he was aware of the language on the back of the form, and specifically that an Arkansas Computer Company employee "pointed out that the legal comments were on the back [of the form] [and] we glanced down through it."[7] Tr. at 81.

■ Hunter also argues that TI's disclaimer of warranties and limitation of remedies is unconscionable under the Arkansas Code because TI was not a party to the contract, the disclaimers were part of a printed form which he was unable to change, and the form was signed two weeks after his oral commitment to purchase the equipment. First, we have adequately addressed TI's ability to properly make the disclaimers in question in the dealer's contract. The fact that TI was not a party to the contract is not a sufficient basis on which to find the disclaimers unconscionable. Second, Hunter's assertion that the disclaimer was untimely is without merit since the rights which he has sought to enforce arise from the written contract. *See* Letter from Luther A. Hunter to Ar-

kansas Computer Company (February 6, 1981) (in which Hunter notifies Arkansas Computer Company of the equipment's defects and asserts his intent, if necessary, to "perfect the contractual agreement as signed September 5, 1980.") Further, the oral assertions to which Hunter testified, namely that TI would fully back up the sale of its equipment by making full and prompt repairs, Tr. at 44, are not inconsistent with the written warranties. Finally, there are no Arkansas cases to support Hunter's assertion that a disclaimer in a printed form contract is per se unconscionable.

■ Whether a contract is unconscionable must be determined in light of the general commercial background, commercial needs in the trade or particular case, the relative bargaining position of the parties, and other circumstances at the time the contract was made. *Kohlenberger, Inc. v. Tyson's Ford, Inc.*, 256 Ark. 584, 599–600, 510 S.W.2d 555, 566 (1974). A clause is unconscionable if it is so one-sided as to oppress or unfairly surprise an innocent party. *Id.*

To protect the buyer from unfair surprise, the Code restricts the forms which warranty disclaimers may take. *See* § 85–2–316 *comment 1*. Where, as here, the buyer is aware of the disclaimer, and testifies that he understood it, Tr. at 84, there is very little basis on which to credibly argue that the buyer was surprised. Nor is the limited remedy clause, which committed TI to correcting defects in workmanship and equipment to ensure that the equipment conformed to the contract, unconscionably one-sided under these circumstances. We deal here with a college educated buyer, one with some background in commercial law, who shopped extensively for computer equipment to suit his needs. This case is clearly distinguishable from *Williams v.*

---

**7.** On direct examination Hunter testified that an Arkansas Computer Company salesperson "jokingly said that on the back side was all the legal gobbledegook * * * and that they were supposed to show me that that was on there." Tr. at 46. On cross-examination Hunter's deposi-

tion was used to impeach his direct testimony. He affirmed that he had stated unequivocally in this deposition that he had read and understood the provisions on the back of the form. Tr. at 81–82.

*Walker-Thomas Furniture,* 350 F.2d 445 (D.C.Cir.1965), on which Hunter relies. We perceive neither the absence of meaningful choice on the part of one party nor the unreasonably favorable terms to the other party, which *Walker-Thomas* recognized as the gravamen of an unconscionability claim. *Id.* at 449. Looking to the circumstances and terms of the disclaimer and limitation of remedy, we hold that the clauses were not unconscionable.

Because we conclude that TI effectively disclaimed the implied warranties and limited its liability for breach of its express warranties to repair or replacement,[8] we need not address whether the district court properly directed a verdict on the question of Hunter's lost profits. Lost profits are consequential damages specifically excluded in the contract.

### III.

■ The final issue is whether the district court erred in admitting into evidence the terms of the contract between TI and Arkansas Computer Company, specifically that portion addressing warranties. Hunter argued that the contract was irrelevant to any issue in the case and unfairly prejudicial. The trial court has broad discretion in ruling on the admissibility of evidence and we will overturn a ruling only if the court abused that discretion. *WSM Inc. v. Hilton,* 724 F.2d 1320, 1328 (8th Cir.1984). The district court found that whether Arkansas Computer Company acted as TI's agent was an issue in the case and that the contract was relevant to show the nature of the relationship between them. The court then ruled that the prejudicial effect of admitting the document was outweighed by the probative effect. Tr. at 170. We conclude that the district court did not abuse its discretion.

The judgment of the district court is affirmed.

8. We summarily reject as without merit Hunter's assertion that TI's disclaimer is void because TI attempted to disclaim all warranties.

Clearly, TI disclaimed all warranties except the express warranties given in the contract.