**EARL BRACE & SONS, Plaintiff,**

v.

**CIBA–GEIGY CORPORATION, Defendant.**

**Civ. A. No. 88–140 ERIE.**

United States District Court, W.D. Pennsylvania.

March 30, 1989.

Ritchie T. Marsh, Marsh, Spaeder, Bauer, Spaeder & Schaaf, Erie, Pa., for plaintiff.

Bradley S. Tupi, Reed Smith Shaw & McClay, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

MENCER, District Judge.

The instant matter is before the Court on a motion for summary judgment, pursuant

to Rule 56 of the Federal Rules of Civil Procedure, filed by the Defendant, Ciba–Geigy Corporation ("Ciba").

In May, 1987 the plaintiff, Earl Brace & Sons ("Brace"), purchased the defendant's herbicide Dual 8E to control the growth of grasses on Brace's potato farm. Between May 24 and May 28, 1987, Brace planted 55 acres of potatoes. At the beginning of June, 1987, Brace sprayed a combination of Dual 8E and Lexone on the potato patch. Brace contends that while the Lexone controlled the broadleaf weeds, the Dual 8E failed to control the grasses. Consequently, fall panicum infested Brace's field and the crop was a complete failure. Brace alleges that Ciba breached express and implied warranties and that Ciba is strictly liable in tort. Brace estimates that he would have been able to sell his crops for $77,000.

First, Ciba asserts that through its label it effectively disclaimed liability for consequential damages because its label conforms with Section 2719(c) of the Pennsylvania Commercial Code. Section 2719 provides:

> **Limitation of consequential damages.—** Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable....

13 Pa.C.S.A. § 2719(c). Ciba produces the Dual 8E label which provides: "In no case shall CIBA–GEIGY or the Seller be liable for consequential, special or indirect damages resulting from the use or handling of this product." On the label, Ciba further offers an explanation of the limitation:

> [I]t is impossible to eliminate all risks inherently associated with use of this product. Crop injury, ineffectiveness, or other unintended consequences may result because of such factors as weather conditions, presence of other materials, or the manner of use or application all of which are beyond the control of CIBA–GEIGY or the Seller.

Ciba argues that due to these unpredictable conditions it cannot be an insurer of crops.

Additionally, Ciba asserts that a limitation on liability is enforceable unless it is ambiguous, inconspicuous, or unconsciona-

ble. A limitation is clear and conspicuous if a reasonable person would have noticed and understood it. *See Thermo King Corp. v. Strick Corp.*, 467 F.Supp. 75 (W.D.Pa.1979), *aff'd*, 609 F.2d 503 (3d Cir. 1979). In this case, Ciba alleges that prior to the 1987 application, Douglas Brace had read much of the Dual 8E label and that he should have known of or read the disclaimer this time.

Ciba further contends that its disclaimer is not unconscionable because it merely allocates risks between the manufacturer and the farmer. Many manufacturers of herbicides limit their liability. *See Lindemann v. Eli Lilly & Co.*, 816 F.2d 199 (5th Cir.1987); *Hill v. BASF Wyandotte Corp.*, 696 F.2d 287 (4th Cir.1982); *Feeders, Inc. v. Monsanto Co.*, 33 UCCRS 541 (D.Minn. 1981). Ciba also contends that its disclaimer has been held enforceable in other jurisdictions. *See Slemmons v. Ciba–Geigy Corp.*, 57 Ohio App.2d 43, 385 N.E.2d 298 (1978). *See also Kleven v. Geigy Agricultural Chem.*, 303 Minn. 320 227 N.W.2d 566 (1975).

In response, Brace contends that Sections 2316 and 2719 of the Pennsylvania Commercial Code provide that a disclaimer is invalid where the exclusive remedy provided in the contract fails of its essential purpose or the limitation of consequential damages is unconscionable. *See Frank's Maintenance & Engineering, Inc.*, 86 Ill. App.3d 980, 42 Ill.Dec. 25, 408 N.E.2d 403 (1980). *See also Mallory v. Conida Warehouses, Inc.*, 134 Mich.App. 28, 350 N.W.2d 825 (1984); *Latimer v. Willlliam Mueller & Son, Inc.*, 149 Mich.App. 620, 386 N.W. 2d 618 (1986).

Brace argues that the disclaimer was not conspicuous because it was inside the sealed carton attached to the plastic containers, in violation of § 162.10(a)(4) of the Code of Federal Regulations, and the limitation was in a booklet of 32 pages of small print. Nowhere in the Table of Contents is there a listing of disclaimers or warranties. The heading "Conditions of Sale and Warranty" is the most inconspicuous of all of the headings on the label and is obscured by the heading "Directions for Use. Brace

further asserts that he relied on the representations of Ciba's field representative, Mr. Robert Kirk, in selecting Dual 8E. Mr. Kirk failed to inform Brace of the limitations.

Brace contends that a limitation of consequential damages is unconscionable because the defect is latent, rendering the remedy illusory. *See Stanley A. Klopp, Inc. v. John Deere Company,* 510 F.Supp. 807 (E.D.Pa.1981), *aff'd* 676 F.2d 688 (3d Cir.1982). *See also Neville Chemical Co. v. Union Carbide Corp.,* 422 F.2d 1205 (3d Cir.1970), *cert. denied* 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970); *Majors v. Kalo Laboratories, Inc.,* 407 F.Supp. 20 (M.D.Ala.1975).

■ We find that a limitation that is clear and conspicuous and one that a reasonable person would have noticed and understood is operational. *See Hunter v. Texas Instruments, Inc.,* 798 F.2d 299 (8th Cir.1986). *See also Arkwright–Boston v. Westinghouse Electric Corp.,* 844 F.2d 1174 (5th Cir.1988); *Transurface Carriers, Inc. v. Ford Motor Co.,* 738 F.2d 42 (1st Cir.1984); *Ford Motor Credit Co. v. Harper,* 671 F.2d 1117 (8th Cir.1982); *Thermo King Corp. v. Strick Corp.,* 467 F.Supp. 75 (W.D.Pa.1979), *aff'd,* 609 F.2d 503 (3d Cir. 1979). A limitation or disclaimer is conspicuous if "attention can reasonably be expected to be called to it." 1–201(10) Comment 10.

■ In this case, although the disclaimer does not appear on the box, it is part of the booklet attached to each container. The disclaimer appears in bold type on page 5 of the booklet, just after the table of contents and just above the directions for use. Brace testified that he had used Dual 8E before and had read the instructions. Brace Deposition at 30, 37–38, 97–98. The course of performance demonstrates that the plaintiff knew or should have known of the limitation. We conclude that the disclaimer was operational.

■ Section 2316 of the Pennsylvania Commercial Code provides that exclusions and limitations of warranty are enforceable where reasonable. *See Lindemann v. Eli Lilly & Co.,* 816 F.2d 199 (5th Cir.1987). *See also Hill v. BASF Wyandotte Corp.,* 696 F.2d 287 (4th Cir.1982). Section 2316 only "seeks to protect a buyer from unexpected and unbargained language of disclaimer by denying effect to such language when inconsistent with language of express warranty." 13 Pa.C.S.A. § 2316, Comment 1. *See Consolidated Data Terminals v. Applied Digital Data Systems,* 708 F.2d 385 (9th Cir.1983). *See also Community Television Services v. Dresser Industries,* 586 F.2d 637, 639–640 (6th Cir. 1978). Thus, Section 2316 only protects the buyer where the disclaimer is inconsistent with an express warranty description. Further Comment 2 to Section 2316 provides that "if no warranty exists, there is of course no problem of limiting remedies for breach of warranty." *See Southwest Forest Industries, Inc. v. Westinghouse Electric Corp.,* 422 F.2d 1013 (9th Cir. 1970).

We evidence no language in the Ciba documentation that provides any express warranty and, therefore, the disclaimer is enforceable. Similarly, Brace provides no parol evidence that Mr. Kirk expressly warranted the success of Dual 8E and, therefore, the disclaimer is enforceable.

Brace contends that he can recover for breach of warranty because Section 2719 of the Pennsylvania Commercial Code allows the buyer to pursue his remedies under the Code where the exclusive remedy provided in the contract "fails of its essential purpose" or that the limitation or exclusion of consequential damages is unconscionable. *See* 13 Pa.C.S.A. § 2719, Comment 1. *See also Posttape Assoc. v. Eastman Kodak Co.,* 537 F.2d 751 (3d Cir.1976); *Keystone Aeronautics Corp. v. R.J. Enstrom Corp.,* 499 F.2d 146 (3d Cir.1974); *Neville Chemical Co. v. Union Carbide Corp.,* 422 F.2d 1205 (3d Cir.1970), *cert. denied,* 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970); *Majors v. Kalo Laboratories, Inc.,* 407 F.Supp. 20 (M.D.Ala.1975).

■ A remedy fails of its essential purpose where it deprives either party of the substantial value of the bargain. Comment 1 to Section 2719(3) states that a

remedy limitation clause should be deleted on the grounds of unconscionability only when it fails to provide "minimum adequate remedies." *See Transamerica Oil Corp. v. Lynes Inc.*, 723 F.2d 758 (10th Cir.1983). This intent coincides with Section 2302's purpose of preventing "oppression and unfair surprise." *See Hunter v. Texas Instruments*, 798 F.2d 299 (8th Cir. 1986). *See also Martin v. Joseph Harris Co., Inc.*, 767 F.2d 296 (6th Cir.1985). (Disclaimer found unconscionable where cabbage seeds had black leg disease.)

However, Comment 3 to Section 2719 provides that "the seller in all cases is free to disclaim warranties in the manner provided in Section 2316." Thus, disclaimers valid under Section 2316 would be valid under 2719. The resulting analysis is academic. There can be no breach where the warranty has been disclaimed pursuant to Section 2316 and no consequential damages where there is no breach. *See Arkwright–Boston v. Westinghouse Electric Corp.*, 844 F.2d 1174 (5th Cir.1988). *See also FMC Finance v. Murphree*, 632 F.2d 413, 419–420 (5th Cir.1980). In this case, Ciba effectively disclaimed liability for consequential damages.

Second, Ciba asserts that Section 402(A) of the Restatement (Second) of Torts does not provide a remedy for economic loss. *See East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). Brace asserts that *East River* applies only when the product injures itself and in this case Brace seeks recovery for damages to the potato crop. *See King v. Hilton Davis*, 855 F.2d 1047 (3d Cir.1988) *cert. denied* — U.S. ——, 109 S.Ct. 839, 102 L.Ed.2d 971 (1989).

■ We find that this is a contracts cause of action as envisioned by *East River*. The Court stated:

> But either way, since by definition no person or other property is damaged, the resulting loss is purely economic. Even when the harm to the product itself occurs through an abrupt, accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is

essentially the failure of the purchaser to receive the benefit of its bargain—traditionally the core concern of contract law. *Id.* 476 U.S. at 870, 106 S.Ct. at 2302, 90 L.Ed.2d at 876. The distinction between tort and contract rests upon the nature of the responsibility a manufacturer must undertake in distributing his product. Damage to a product itself means simply that the product has not met the customer's expectations, or, in other words, that the customer has received insufficient product value. *See Id.* 476 U.S. at 871, 106 S.Ct. at 2297–98, 90 L.Ed.2d at 877. *See also Purvis v. Consolidated Energy Products Co.*, 674 F.2d 217 (4th Cir.1982). Contract law is well suited to this controversy where "the expectation damages available in warranty for purely economic loss give a plaintiff the full benefit of its bargain," by placing him in the position he would have been in had the herbicide worked properly. *Id.* 476 U.S. at 873, 106 S.Ct. at 2299, 90 L.Ed.2d at 878. However, the seller is entitled to disclaim his warranty or limit the remedy.

We conclude that Brace's claim is a contract claim rather than a tort claim and Ciba has effectively disclaimed liability for the alleged breach of that contract. Therefore, we will grant summary judgment for Ciba.