**JIM DAN, INC. t/d/b/a Castle Hills Golf Course, Plaintiff,**

v.

**The O.M. SCOTT & SONS COMPANY, Defendant.**

Civ. A. No. 90–61.

United States District Court, W.D. Pennsylvania.

Feb. 21, 1992.

John E. Quinn, Pittsburgh, Pa., for plaintiff.

John D. Goetz, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

LEWIS, District Judge.

In 1986, plaintiff Jim Dan, Inc. ("Jim Dan") purchased a golf course. Although the plaintiff had no prior experience with a full-size golf course, the president of the company had owned a restaurant, a miniature golf course, and a driving range for fifteen years.

The greens on the plaintiff's golf course have a history of crabgrass infestation. In 1985 and 1986, Jim Dan's predecessor purchased several bags of Scotts ProTurf Goosegrass/Crabgrass Control, manufactured by defendant The O.M. Scott & Sons Company ("Scott"), in order to remedy the problem. Application of this product brought the problem under control with no resulting damages.

When the plaintiff bought the golf course in June 1986, it also experienced problems with crabgrass infestation. In 1987, the plaintiff purchased twenty bags of the same Goosegrass/Crabgrass Control from the defendant. Each bag of Goosegrass/Crabgrass Control bore a label setting forth directions, a disclaimer and a limitation of remedy clause which restricted the buyer's remedy to the purchase price of the product. The plaintiff paid $835 for its twenty bags of the Goosegrass/Crabgrass Control.

Thereafter, a representative of the defendant met with the plaintiff to go over the label on the product before plaintiff applied

it to the golf course greens. Despite this, the greens on plaintiff's golf course suffered extensive damage following application of the Goosegrass/Crabgrass Control, and plaintiff now seeks consequential damages amounting to more than $36,000 in this breach of warranty case. Scott has filed a motion for partial summary judgment seeking to limit the plaintiff's recoverable damages to the exclusive remedy set forth on the label of its product, however. For the reasons set forth below, the defendant's motion will be granted.

## I. Limitations of Remedies

■ A seller who does not wish to risk consequential damages may limit the remedy available in case of a breach of contract. 13 Pa.C.S.A. § 2715 comment 3 (Purdons 1984). The Pennsylvania Uniform Commercial Code provides that "the agreement may provide for remedies ... and may limit or alter the measure of damages recoverable under this division, as by limiting the remedies of the buyer to the return of goods and replacement of the price or to repair and replacement of nonconforming goods or parts." 13 Pa.C.S.A. § 2719(a)(1) (Purdons 1984). Limitation of remedy clauses are, of course, subject to certain restrictions.

■ One restriction is that an exclusive remedy must be expressly stated. 13 Pa. C.S.A. § 2719(a)(2) (Purdons 1984). If the remedy provided for is not exclusive, the remedies provided under § 2719(a)(1) are optional. *Id.* Another restriction is that an exclusive remedy must not fail of its essential purpose. 13 Pa.C.S.A. § 2719(b) (Purdons 1984). Finally, the limitation must be conscionable.[1] 13 Pa.C.S.A. § 2719(c) (Purdons 1984). Where the limi-

tation is unconscionable, the court may either refuse to enforce the contract, enforce the contract except for the unconscionable clause, or limit the application of the unconscionable clause so as to make it conscionable. 13 Pa.C.S.A. § 2302(a) (Purdons 1984). Thus, to provide an exclusive remedy within a contract, the clause must expressly state that the remedy is exclusive, the exclusive remedy must not fail of its essential purpose, and the limitation must not be unconscionable.

### A. The Clause at Issue is Expressly Stated

■ In this case, the defendant sought to avoid consequential damages by limiting the buyer's remedy to replacement of the price of the product purchased, as authorized under § 2719(a)(1). The defendant's label provided in part as follows:

### LIMITATION OF LIABILITY

\* \* \* \* \* \*

The exclusive remedy of the user or Buyer, and the limit of liability of O M Scott & Sons Company or any other seller, for any and all losses, injuries or damages resulting from the use or handling of this product shall be the purchase price paid by the user or Buyer for the quantity of this product involved.

In *Posttape Assoc. v. Eastman Kodak Co.*, 537 F.2d 751 (3d Cir.1976), the defendant sold the plaintiff defective film. A label including a limitation of remedy clause was attached to each box and canister. Because of the limitation clause, the district court granted defendant's motion for summary judgment limiting its liability to replacement of the film. *Id.* at 756.[2]

---

**1.** Although the plaintiff argues that defendant's limitation of liability must be conspicuous, conspicuousness is not a statutory requirement for a limitation of remedies clause; it is only a requirement for a disclaimer of warranties. 13 Pa.C.S.A. § 2316; 13 Pa.C.S.A. § 2719. Nevertheless, some courts have considered whether the clauses limiting liability which were at issue before them were conspicuous. *See, e.g., Earl Brace,* 708 F.Supp. at 709–10. Therefore, I have examined the clause at issue to determine whether it is conspicuous despite the apparent lack of need to do so. Conspicuousness is a

matter of law to be decided by the court. 13 Pa.C.S.A. § 1201; *Argo Welded Products, Inc. v. J.T. Ryerson Steel & Sons, Inc.,* 528 F.Supp. 583, 593 (E.D.Pa.1981). Based upon my review, I find the clause at issue to be conspicuous, thus permitting entry of partial summary judgment even if conspicuousness is required.

**2.** The Court of Appeals remanded the case for a new trial to determine whether there was an agreement to limit the liability in view of evidence of trade usage. *See* 13 Pa.C.S.A.

The court held that to be clear, the clause at issue must provide that the limited remedy is an exclusive remedy. *Id.* Clearly, the clause at issue in this case does so.

Similarly, in *Earl Brace & Sons v. Ciba–Geigy Corp.*, 708 F.Supp. 708 (W.D.Pa. 1989), the plaintiff sued an herbicide manufacturer seeking consequential damages. The defendant's limitation of remedy clause had stated that it would not be liable for "consequential, special, or indirect damages resulting from the use or handling of this product." *Id.* at 709. Explaining that the issue before it was whether a reasonable person could understand the language of the clause at issue, the court in *Earl Brace* found this language to be clear and granted summary judgment, thus preventing plaintiff from seeking consequential damages. *Id.* at 711.

In this case, Scott's limitation clause does not use words such as "consequential, special, or indirect damages." Instead, rather than using legalese, Scott used easily comprehensible words such as "for any and all losses, injuries, or damages." The limitation clearly and plainly states that the only remedy available to a buyer will be the purchase price of the product. Thus, Scott's clause is just as clear, if not more clear, than the clause at issue in *Earl Brace*. A reasonable person could certainly understand this language.

Moreover, in *Florida Power & Light v. McGraw Edison Co.*, 696 F.Supp. 617 (S.D.Fla.1988), *aff'd* 875 F.2d 873 (11th Cir. 1989), the court, applying Pennsylvania law, also upheld a limitation of remedies clause which only provided for the repair or replacement of the product. *Id.* at 620. The court found the defendant's limitation clause to be clear when it stated:

Neither Seller nor Purchaser shall be subject to special, indirect or consequential damages. Under no circumstances, implied or otherwise, is the Seller to be liable for more than the cost of the equipment.

696 F.Supp. at 620.

Scott's limitation of remedies clause expressly states that the purchase price is the exclusive remedy. It also uses language that a reasonable layperson should understand. It is clear.

### B. *The Clause Does Not Fail of its Essential Purpose*

■ In *Argo Welded Products, Inc. v. J.T. Ryerson Steel & Sons, Inc.*, 528 F.Supp. 583 (E.D.Pa.1981), the court granted partial summary judgment limiting plaintiff's claims for damages, upholding a clause which limited buyers' damages to replacement or repair of the goods purchased or repayment of the purchase price.[3] The court found that the remedy offered did not fail of its essential purpose because the defendant had offered to replace or give credit to the plaintiff for the defective product. *Id.* at 593.

Further, in *Posttape*, the court on remand found that the defendant's exclusive remedy did not fail of its essential purpose because the risks associated with film are latent in nature. 450 F.Supp. at 411. The existence of unknown or undeterminable risks justifies using a limitation and provides a reason for a defendant to offer an exclusive remedy. *Id.* at 411–412. In such cases, a limited remedy operates exactly as intended and does not fail of its essential purpose. *Id.*

In the present case, the defendant, as in *Argo*, also offered to return the purchase price of the products. Moreover, Scott's limitation clause does not fail of its essential purpose because, as in *Posttape*, the clause does exactly what it was designed to do: limit the buyer's remedy to the pur-

§ 2302(b). (On remand, see 450 F.Supp. 407, 410 (E.D.Pa.1978)).

In this case, it is indicative of trade usage that many manufacturers of herbicides state that a buyer's exclusive remedy in case of a breach of contract will be limited to the purchase price of the product. *See Lindemann v. Eli Lilly and Co.*, 816 F.2d 199, 204 (5th Cir.1987); *Earl Brace*

*& Sons v. Ciba-Geigy Corp.*, 708 F.Supp. 708, 709 (W.D.Pa.1989).

**3.** The defendant's clause stated:
Your exclusive remedy for breach of contract ... shall be [the] replacement or repair of such goods or [the] repayment to you of the purchase price ...
528 F.Supp. at 589.

chase price of the product. Like the film industry, herbicides involve latent risks. In fact, the herbicide industry often limits its liability to the purchase price of the product. *Earl Brace,* 708 F.Supp. at 709. Herbicide manufacturers limit damages because of the uncertainties inherent in the business and because decisions such as planting, cultivation, and harvesting are uniquely within the purchaser's control. *Lindemann,* 816 F.2d at 204. Therefore, an herbicide manufacturer's decision to limit damages merely allocates risks among the parties, and Scott's exclusive remedy does not fail of its essential purpose.

### C. *The Clause is Conscionable*

In determining whether a clause is unconscionable, the court should consider whether, in light of the general commercial background and the commercial needs of a particular trade, the clause is so one-sided that it is unconscionable under the circumstances. 13 Pa.C.S.A. § 2302 comment 1 (Purdons 1984). *See also Posttape,* 450 F.Supp. at 411–412. To establish unconscionability, the parties may introduce evidence about a clause's commercial setting, purpose and effect. 13 Pa.C.S.A. § 2302(b) (Purdons 1984). When the loss at issue is commercial, a limitation of remedy clause is not *prima facie* unconscionable. 13 Pa. C.S.A. § 2719(c).[4]

In *Posttape,* the court found that the existence of unknown or undeterminable risks justifies the limitation of remedies in the film industry, and that members of the film industry accepted replacement of film as the sole remedy. *Id.* at 410, 412. Further, the limitation of a purchaser's remedy to replacement of the film did not constitute a disclaimer of liability. *Id.* at 410. Therefore, the defendant's clause was not so one-sided as to be unconscionable. *Id.*

Similarly, as stated previously, the herbicide industry accepts the purchase price of

the product as an exclusive remedy because of the uncertainties inherent in the business. *Earl Brace,* 708 F.Supp. at 709; *Lindemann,* 816 F.2d at 204. Just before the language limiting remedies, Scott's label explicitly states that the Goosegrass/Crabgrass Control had not been tested on all varieties and under all possible growing conditions. Further, as in *Posttape,* the clause only limits the plaintiff's remedy; it does not disclaim all remedies.

In *Stanley A. Klopp, Inc. v. John Deere Co.,* 510 F.Supp. 807 (E.D.Pa.1981), *aff'd* 676 F.2d 688 (3d Cir.1982), the court explained that a commercial contract will rarely be found unconscionable. 510 F.Supp. at 810. The principal underlying a finding of unconscionability is to prevent oppression and unfair surprise, not to disturb the allocation of risks on the grounds of superior bargaining power. *Id.; see also* § 2302 comment 1. Mere unequal bargaining power between the parties, standing alone, will not make the contract unconscionable. *Id.* at 811. Further, negotiation is not necessary between experienced parties. Absent an allegation of fraud or incompetence, a person has a duty to read the contract before signing it, and failure to do so will not excuse ignorance of the contract's terms. *Id.*

Finally, the court in *John Deere* held that as long as no genuine issue of material fact exists, a court may conclude as a matter of law that a contract is enforceable despite an allegation of unconscionability.[5] *Id.* at 810. Since the court found no genuine issue of material fact as to the commercial setting, and no procedural unfairness in the execution of the contract, it granted the defendant's motion for partial summary judgment. *Id.*

In the present case, plaintiff Jim Dan suffered an economic loss. Discrepancy exists as to whether the plaintiff read the entire contract.[6] The discrepancy is imma-

---

**4.** A clause is *prima facie* unconscionable only where it limits consequential damages for personal injury. 13 Pa.C.S.A. § 2719(c).

**5.** Like conspicuousness, unconscionability is a question of law. 13 Pa.C.S.A. § 2302 comment 1.

**6.** *See* Appendix A (deposition testimony of James Wracker) in the plaintiff's brief in oppo-

terial. Since there is no allegation of fraud or incompetence, the plaintiff had a duty to read the contract. *Id.* at 811. Further, had the plaintiff read the entire label, it would have read the language extending an offer to negotiate the exclusive remedy ("Buyers and all users are deemed to have accepted the terms of this Notice, which *may be varied only by agreement in writing....*") (emphasis added). This language is also evidence that the limitation clause is not one-sided. Section 2719(c) cannot be used to relieve an experienced merchant of the misfortunes of his or her own poor business practices. *Argo,* 528 F.Supp. at 593.

Although Jim Dan may be new at running a golf course, its president is not an inexperienced merchant. He previously owned a restaurant business, a miniature golf course business, and a driving range business. He owned all three at the same time for fifteen years. He also assisted his brother-in-law with his golf course from time to time. Thus, the plaintiff can hardly claim to be inexperienced in making contracts. Moreover, the plaintiff has also purchased pesticides, herbicides, fungicides, fertilizers, and seeds in the past. Therefore, § 2719(c) should not be used to relieve the plaintiff of the misfortunes of its business practices.

## II.   Conclusion

The clause is not oppressive, and there is no unfair surprise. The clause only limits the remedy available to plaintiff, it does not exclude all remedies. In light of the commercial setting of this transaction and the needs of the herbicide industry, the defendant's limitation of remedy clause is not so one-sided as to be unconscionable. In addition, no genuine issue of material facts exist with respect to the commercial reasonableness of the clause. Therefore, the defendant's motion for partial summary judgment limiting the plaintiff's remedy to the purchase price of the products is granted.

sition to the defendant's motion for partial summary judgment, page 186, lines 19–22; page 187, lines 6–7; and page 249, lines 16 and 18.
The fact that the limitation of remedies clause at issue was on a bag's label rather than in a written contract signed by both parties does not preclude entry of summary judgment. *Cf. Lindemann,* 816 F.2d at 200; *Posttape,* 537 F.2d at 753; *Earl Brace,* 708 F.Supp. at 709–710.