# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1946

_____

| | | |
|---|---|---|
| Rick Turman, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Case Corp., | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: November 4, 1999

Filed: November 9, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Rick Turman appeals from the district court's[1] order granting Case Corporation's (CASE's) motion for summary judgment in his diversity breach-of-warranty action. After carefully reviewing the record and the parties' briefs, we agree with the district court that Mr. Turman failed to demonstrate that CASE's warranty limitations and exclusions were unconscionable in his situation, see Hunter v. Texas Instruments, Inc., 798 F.2d 299, 303 (8th Cir. 1986) (defining unconscionability); Ciba-Geigy Corp. v.

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

<u>Alter</u>, 834 S.W.2d 136, 147 (Ark. 1992) (unconscionability factors), or that the repair-and-replacement clause provided under the warranty failed of its essential purpose so as to deprive Mr. Turman of the substantial value of his bargain, <u>see</u> <u>Caterpillar Tractor Co. v. Waterson</u>, 679 S.W.2d 814, 820 (Ark. Ct. App. 1984) (remedy fails of its essential purpose if buyer is deprived of substantial value of bargain); <u>see also</u> <u>Transport Corp. of Am., Inc. v. International Bus. Machs. Corp., Inc.</u>, 30 F.3d 953, 959 (8th Cir. 1994) ("A repair or replace clause does not fail of its essential purpose so long as repairs are made each time a defect arises."). Because we agree with the essential points in the district court's opinion, we affirm without further discussion. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.