Per Curiam.

Plaintiffs ’ purchases by competitive bids at a public auction were made in 1962 and 1964.. At that time neither the statutory nor decisional law, applicable to such purchases, recognized the expressed opinion or judgment of the seller as giving rise to any implied warranty of authenticity of authorship. (See Memorandum of the -State Dept, of Law [McKinney’s 1968 Session Laws, vol. 2, pp. 2284 — 2285] recommending remedial legislation [now General Business Law, §'§ 219, 219-a] to change the then existing law.)
Additionally, defendant’s auction-sale catalogue listing, describing and illustrating these paintings, gave leading and prominent place, in its prefatory terms of sale (explaining and regulating the conduct of .the auction) to a clear, unequivocal disclaimer of any express or implied warranty or representation of genuineness of any paintings as products of the ascribed artist.
One of the factors necessarily entering into the competition among bidders at the public auction was the variable value of the paintings depending upon the degree of certainty with which they could be authenticated and established as the works of the ascribed artist. (See Backus v. MacLaury, 278 App. Div. 504, 507.) Since no element of a willful intent to deceive *81 is remotely suggested in the circumstances here present, the purchasers assumed the risk that in judging the paintings as readily-identifiable, original works of the named artist, and scaling their bids accordingly, they might be mistaken. (Restatement, Contracts, § 502, comment /, p. 964.) They will not now be heard to complain that, in failing to act with the caution of one in circumstances abounding with signals of caveat emptor, they made a bad bargain. The judgments should be reversed with $30 costs and the complaints dismissed.
Concur — Quinn, J. P., Lupiano and Fine, JJ.
Judgments reversed, etc.