**LWT, INC., Plaintiff–Counter–Defendant–Appellee,**

v.

**Yildiz G. CHILDERS, Defendant,**

and

**Childers Manufacturing Company, Inc., Defendant–Counter–Claimant–Appellant.**

No. 93–2198.

United States Court of Appeals, Tenth Circuit.

March 18, 1994.

claims are clearly erroneous.

Jason W. Kent of Kent & Widland, P.C., Albuquerque, New Mexico, for plaintiff-counter-defendant-appellee.

John S. Thal and J.H. Mahaney of Atkinson & Thal, P.C., Albuquerque, New Mexico, for defendant-counter-claimant-appellant.

Before MOORE and KELLY, Circuit Judges, and BRIMMER, District Judge.[†] [*]

---

[†] Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a);

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant Childers Manufacturing Co. (Childers) appeals from several district court orders entered during the course of litigation below. We have jurisdiction under 28 U.S.C. § 1291 and we reverse and remand.

Briefly, plaintiff-appellee LWT brought suit for, among other things, breach of express warranties and breach of the implied warranties of merchantability and fitness for a particular purpose in connection with the purchase of a hot oil heater from Childers. With respect to breach of warranty, Childers asserted that the limited warranty in its catalog precluded these warranty claims.

The district court granted plaintiff's motion for partial summary judgment, ruling that (1) defendant's limited warranty never became part of the parties' agreement and (2) in any event, the alleged disclaimer of the implied warranties of merchantability and fitness for a particular purpose was ineffective because it was not conspicuous.

We review de novo an order granting summary judgment, viewing the record in the light most favorable to the nonmoving party. *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is appropriate only if there is no genuinely disputed material issue of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The first issue presented is whether the catalog containing defendant's limited warranty became part of the basis of the parties' sales agreement. *See generally* 67A Am.Jur.2d *Sales* § 826 (1985) ("Since the Code requirements regarding disclaimer are imposed for the purpose of protecting a buyer from unexpected and unbargained surprises, a limitation or disclaimer of warranties will be given effect only if it formed part of the basis of the bargain when the sales contract was entered into." (footnotes omitted)). A limited warranty contained in a manufacturer's catalog may be considered part of the basis of the parties' bargain, so long as the purchaser received the catalog and had an opportunity to read the warranty, *see Adams v. American Cyanamid Co.*, 498 N.W.2d 577, 585, 587 (Neb.Ct.App.1992); *Architectural Aluminum Corp. v. Macarr, Inc.*, 70 Misc.2d 495, 333 N.Y.S.2d 818, 820–21, 822 (N.Y.Sup. Ct.1972), prior to or at the time of the sale, *see generally Bowdoin v. Showell Growers, Inc.*, 817 F.2d 1543, 1545 (11th Cir.1987) (applying Alabama UCC) (post-sale warranty disclaimers are ineffective because they do not form part of parties' bargain). Defendant need not establish that plaintiff had actual knowledge of the limited warranty. *See, e.g., Adams*, 498 N.W.2d at 586–87; *Architectural Aluminum Corp.*, 333 N.Y.S.2d at 822; *Stauffer Chem. Co. v. Curry*, 778 P.2d 1083, 1092 (Wyo.1989). The question of whether the catalog containing the limited warranty became part of the parties' bargain is ordinarily one of fact for the jury. *See Adams*, 498 N.W.2d at 587; *Flintkote Co. v. W.W. Wilkinson, Inc.*, 220 Va. 564, 260 S.E.2d 229, 230, 232 (1979); *see generally Romero v. Earl*, 111 N.M. 789, 810 P.2d 808, 810 (1991) (intent of parties and essential terms of agreement ordinarily present questions of fact).

Viewing the evidence, and any reasonable inferences that may be drawn therefrom, in the light most favorable to defendant, *see Mares v. ConAgra Poultry Co.*, 971 F.2d 492, 494 (10th Cir.1992), the evidence before the trial court on this partial summary judgment motion indicated the following: Plaintiff had purchased a hot oil heater from defendant prior to the transaction at issue here, I Aplt. App. at 121–22, 157, and, in fact, was one of defendant's dealers, *id.* at 116, 157. As a result, plaintiff had a copy of defendant's catalog, which included the limited warranty, in its office. *Id.* at 119, 122. It can be inferred from the record that it was a reference to this catalog that prompted plaintiff's salesman, John Cochran, to contact defendant for a quotation on the hot oil heater at issue in this case. In response to Cochran's call, defendant's president, Mrs. Childers, on January 5, 1988, *see id.* at 39, faxed plaintiff a quotation and, in addition, mailed to plaintiff an updated catalog which also contained the limited warranty. *Id.* at 116–17. Plain-

10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

tiff responded to that quotation with its purchase order on February 15, 1988. *See id.* at 40.

This evidence establishes a genuinely disputed issue of fact as to whether plaintiff possessed or received defendant's catalog containing the limited warranty prior to the sale and whether that information became part of the basis of the parties' agreement. The district court, therefore, erred in determining, as a matter of law, that the catalog containing the limited warranty never became part of the parties' agreement. *See Adams,* 498 N.W.2d at 587; *Flintkote Co.,* 260 S.E.2d at 230, 232.

■ In addition to the evidence cited above, defendant also submitted to the district court pleadings plaintiff had filed in a separate lawsuit commenced by RJR Mechanical, Inc. (RJR), against plaintiff in South Carolina state court. RJR ultimately purchased the hot oil heater at issue here from plaintiff. The district court declined to consider these pleadings. While the record contains sufficient evidence for defendant to survive summary judgment, even without the state court pleadings, we will, nevertheless, address the issue of the admissibility of this evidence here because it may become relevant on remand.

In its answer to RJR's state court complaint, plaintiff asserted defendant's limited warranty as an affirmative defense to RJR's claim for damages caused by the allegedly defective heater.

13. [LWT, Inc.] would show that the equipment in question was covered by a written warranty issued by the manufacturer and accepted by [RJR], the terms and conditions of which are herein incorporated verbatim by reference, and that such warranty is limited in scope and does not cover the damages complained of by [RJR] in its Complaint.

14. [LWT, Inc.] would show that the aforesaid limited warranty was accepted by [RJR] expressly in lieu of any and all other warranties or representations, express or implied. Therefore, [LWT, Inc.] pleads the aforesaid express limited warranty as a complete bar to [RJR's] claim for damages.

I Aplt.App. at 192. Plaintiff did not specifically plead that affirmative defense in the alternative, but later abandoned the defense at the beginning of the state trial.

■ Inconsistent allegations contained in prior pleadings are admissible as evidence in subsequent litigation. *Dugan v. EMS Helicopters, Inc.,* 915 F.2d 1428, 1431 (10th Cir. 1990). The district court declined to consider the South Carolina pleadings, however, ruling that they were not inconsistent with plaintiff's position in this case because, although defendant "suggest[ed] that the written warranty referred to by LWT in the South Carolina case is the limited warranty [at issue here], the legal effect of which LWT denies in this lawsuit ... there is nothing in the South Carolina pleadings to suggest that the written warranty mentioned by [plaintiff] is the limited warranty [at issue here]." I Aplt.App. at 254. This court reviews the district court's decision only for an abuse of discretion. *See Dugan,* 915 F.2d at 1431.

Plaintiff's reliance upon defendant's limited warranty in the South Carolina litigation is directly contrary to the position it takes here that the limited warranty never became part of the sales agreement between plaintiff and defendant. Further, there is no evidence to suggest that there was any warranty involved in these transactions other than the limited warranty at issue in this case. Those pleadings, therefore, were admissible as substantive evidence under Fed.R.Evid. 801(d)(2). *See Dugan,* 915 F.2d at 1432, 1434. The fact that plaintiff later abandoned that defense in the South Carolina litigation does not affect the admissibility of those pleadings as evidence in this action. *See Haynes v. Manning,* 717 F.Supp. 730, 733 (D.Kan.1989), *aff'd in part, rev'd in part on other grounds,* 917 F.2d 450, 454 (10th Cir. 1990); *see also Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co.,* 828 F.2d 1245, 1249 n. 3 (8th Cir.1987). The district court, therefore, abused its discretion in refusing to consider the South Carolina pleadings.

■ We conclude, therefore, that a genuine issue of material fact exists concerning the issue of whether defendant's catalog

formed part of the basis of the parties' sales agreement. Plaintiff, nevertheless, argues that we can still affirm the district court's decision granting plaintiff partial summary judgment because the limited warranty was, nevertheless, not conspicuous. *See generally Bowdoin,* 817 F.2d at 1545 (applying Alabama UCC) (manufacturer may disclaim implied warranties if disclaimer is part of parties' bargain and if disclaimer is conspicuous).

■ To be effective, a written disclaimer of the implied warranties of merchantability and fitness for a particular purpose, in addition to being in writing and specifically mentioning merchantability, both of which are conceded here, must also be conspicuous. *See C.E. Alexander & Sons v. DEC Int'l, Inc.,* 112 N.M. 89, 811 P.2d 899, 905 (1991). The determination of whether a warranty disclaimer is conspicuous is a question of law for the court. N.M.Stat.Ann. § 55–1–201(10). A disclaimer will be conspicuous if "it is so written that a reasonable person against whom it is to operate ought to have noticed it." *Id.*

■ The district court determined that defendant's disclaimer was not conspicuous because it was "buried" in defendant's catalog. The fact that a manufacturer's disclaimer is located in a catalog, however, does not make that disclaimer per se inconspicuous. *See, e.g., Adams,* 498 N.W.2d at 585 (disclaimer contained on page nineteen of 107–page manual conspicuous); *Architectural Aluminum Corp.,* 333 N.Y.S.2d at 823 (warranty disclaimer in catalog conspicuous); *Earl Brace & Sons v. Ciba–Geigy Corp.,* 708 F.Supp. 708, 709–10 (W.D.Pa.1989) (applying Pennsylvania UCC) (warranty disclaimer contained on page five of thirty-two page booklet attached to product conspicuous); *see also A–Larms, Inc. v. Alarms Device Mfg. Co.,* 165 Ga.App. 382, 300 S.E.2d 311, 312, 314 (1983) (limited warranty only referred to in catalog but available upon request was conspicuous); *cf. Weisz v. Parke–Bernet Galleries, Inc.,* 77 Misc.2d 80, 351 N.Y.S.2d 911, 912 (1974) (warranty disclaimer in auction catalog effective); *Travis v. Washington Horse Breeders Ass'n,* 111 Wash.2d 396, 759 P.2d 418, 421–22 (1988) (same). Location is but one factor to be considered in determining whether a disclaimer is conspicuous. *See Collins Radio Co. v. Bell,* 623 P.2d 1039, 1050 (Okla.Ct.App.1980) (holding that disclaimer on reverse side of agreement not per se inconspicuous), *cert. denied,* (Okla.1981).

In this case, the record indicates that defendant's limited warranty was printed on both sides of a full-size page on a different grain of paper than the rest of the catalog. That limited warranty was surrounded by a white and then a colored border and was printed on a green background. II Aplt.App. at 389. The language disclaiming all other warranties, express or implied, including those for merchantability and fitness for a particular purpose, is set out in capital letters. *Id.* In light of this, we conclude defendant's disclaimer of the implied warranties of merchantability and fitness for a particular purpose was conspicuous as a matter of law. *See, e.g., Adams,* 498 N.W.2d at 585 (disclaimer on third page of product label found on page seventeen of 107–page manual nevertheless conspicuous where it was prominently displayed and "sufficiently set off from other material so as to draw attention to itself"); *Architectural Aluminum Corp.,* 333 N.Y.S.2d at 823 (warranty disclaimer in catalog conspicuous where it was separately set forth from other material, it was framed with heavy black line, was surrounded on all four sides by one-inch blank margin and words of disclaimer appeared in bold-faced type); *Earl Brace & Sons,* 708 F.Supp. at 709–10 (warranty disclaimer was conspicuous where it was in bold type and found on fifth page of thirty-two page booklet attached to product; disclaimer was located after booklet's table of contents, but before directions for use of product).

On appeal, the parties disagree as to whether the provision in the limited warranty limiting remedies for breach also had to be conspicuous to be effective. The parties cite conflicting authority on this issue from other states. *See generally Flintkote Co.,* 260 S.E.2d at 231 (noting split in authority). The New Mexico courts have yet to address this question. We need not resolve that issue here, however, because, regardless of whether or not the limitation of remedies provision

had to be conspicuous, we have already concluded that the limited warranty containing that provision was conspicuous.

Because defendant's limited warranty, containing a disclaimer of the implied warranties of merchantability and fitness for a particular purpose, as well as the limitation of remedies provision, was conspicuous and because there remained a genuinely disputed material issue of fact as to whether defendant's catalog, containing the limited warranty, formed part of the basis for the parties' agreement, the district court erred in granting plaintiff's motion for partial summary judgment. We, therefore, REVERSE that decision and REMAND for a trial on the merits of these issues. Because such a trial on remand will require a new trial on the remaining issues presented by this case, we VACATE the district court's Fed.R.Civ.P. 50 decision and the jury's determination of damages. Plaintiff's motion for sanctions is DENIED.